# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY J. RZUCIDLO, | : | No. 3:12cv380 |
| Plaintiff | : | |
| v. | : | (Judge Munley) |
| | : | |
| JOHN M. McHUGH, SECRETARY | : | |
| OF THE ARMY, DEPARTMENT OF | : | |
| THE ARMY, UNITED STATES | : | |
| OF AMERICA, | : | |
| Defendant | : | |

## MEMORANDUM

Before the court is defendant's motion for summary judgment. (Doc. 37). This motion is fully briefed and ripe for disposition.

## BACKGROUND

The instant age discrimination action arose from Plaintiff Stanley Rzucidlo's (hereinafter "Rzucidlo") termination as an employee with Tobyhanna Army Depot (hereinafter "Tobyhanna"). The undisputed material facts as presented by both parties are as follows:

On April 14, 2004, Tobyhanna hired Rzucidlo, born in 1956, as a Physical Science Technician, GS-09. (Doc. 25, Def.'s Statement of Material Facts (hereinafter "SOF") ¶ 1). While on official duty time at Tobyhanna, Rzucidlo offered a female coworker gifts including four (4) coupons to a woman's lingerie store, a ring, food and $100. (Doc. 31,

Decl. of Stanley Rzucidlo (hereinafter "Rzucidlo Decl.") ¶ 20; Doc. 25-1, EEOC decision dated Nov. 16, 2011 at 90).

On December 22, 2004, Rzucidlo's direct supervisor counseled him, verbally and in writing, to refrain from any and all contact with his female coworker. (SOF ¶ 3; Rzucidlo Decl. ¶ 21). Less than two months later, however, Rzucidlo sent an email from his Tobyhanna computer to his female coworker. (SOF ¶ 4; Rzucidlo Decl. ¶ 12). As a result of this contact, Tobyhanna terminated Rzucidlo's employment on February 23, 2005 for conduct unbecoming a federal employee and misuse of government property/resources. (SOF ¶ 5; Doc. 25-1, Rzucidlo termination letter dated Feb. 23, 2005 at 3-5).[1]

**Rzucidlo's initial EEO contact**

Rzucidlo's termination letter informed him that he had a right to

---

[1] Rzucidlo's termination letter states:

> Specifically, on February 15, 2005, you forwarded a non-official, personal email from a Government-issued computer, while on official duty time, to another employee **after** you were explicitly advised by management officials to cease having **any** type of personal contact with this particular employee at work.

(SOF ¶ 5; Doc. 25-1, Rzucidlo termination letter dated Feb. 23, 2005) (emphasis in the original).

contact Tobyhanna's Equal Employment Opportunity ("EEO") office if he believed his termination was motivated by discriminatory animus. (SOF ¶ 6). On April 3, 2005, Rzucidlo emailed the EEO office stating that Tobyhanna discriminated against him. (Id. ¶ 7). The EEO office manager mailed discrimination complaint intake forms to Rzucidlo, which he received on April 12, 2005. (Id. ¶ 8). Rzucidlo failed to complete and return the discrimination intake forms. Because Rzucidlo failed to respond, the EEO office manager mailed a second set of discrimination intake forms to him three weeks later. (Id. ¶ 9). The EEO office manager informed Rzucidlo that he was required to file a formal age discrimination complaint within fifteen (15) days or risk having his complaint dismissed as untimely. (Id. ¶ 10). Rzucidlo, however, failed to ever file a formal complaint of age discrimination with Tobyhanna's EEO office. (Id. ¶ 11).

**Rzucidlo's Whistleblower Complaint to the OSC**

Instead of filing a formal age discrimination complaint with Tobyhanna's EEO office, Rzucidlo filed a whistleblower claim with the United States Office of Special Counsel ("OSC").[2] (Id. ¶ 12). Rzucidlo's

---

[2] The U.S. Office of Special Counsel is an independent investigative and prosecutorial agency deriving its authority from four federal statutes, including the Whistleblower Protection Act. See U.S. OFFICE of SPECIAL COUNSEL http://www.osc.gov/Intro.htm (last visited Sept. 25, 2013).

whistleblower claim alleges that his supervisors engaged in a number of prohibited practices, none of which included age discrimination. (Id. ¶ 13). The OSC made a preliminary determination that no violation had occurred. (Id. ¶ 14).

**Rzucidlo's Merit Systems Protection Board appeal**

On July 31, 2005, five months after he was terminated, Rzucidlo filed an Individual Right of Action appeal of his termination and the OSC's decision with the Merit Systems Protection Board (hereinafter the "Board"). (Id. ¶ 16). In his appeal to the Board, Rzucidlo, for the first time, raised an additional allegation of age discrimination. (Id. ¶ 17). On November 29, 2005, the Board's Administrative Law Judge ("ALJ") upheld the OSC's decision. (Id. ¶ 19). Additionally, the ALJ refused to rule on Rzucidlo's age discrimination claim because its jurisdiction was limited to only those claims within Rzucidlo's OSC complaint, and the age discrimination claim was not raised until his appeal of the OSC's decision. (Id. ¶ 18). Subsequent to the ALJ's decision, Rzucidlo timely petitioned to have his case reviewed by the full Board. (Id. ¶ 19). The full Board reviewed Rzucidlo's appeal, concurred with the ALJ's findings and dismissed Rzucidlo's petition. (Id.)

4

**Rzucidlo's appeal of the Board's decision to the EEOC**

On July 18, 2006, Rzucidlo sent the Board's decision to the Equal Employment Opportunity Commission (hereinafter "EEOC"). (Id. ¶ 22). The EEOC assumed Rzucidlo's action with the Board had been a mixed case, but believed the case should proceed only on the age discrimination claim because the Board did not address this claim.[3] (Id. ¶ 23). Accordingly, in September 2006, the EEOC referred the case to Tobyhanna's EEO office for further processing. (Id.)

In May 2008, more than three years after Rzucidlo's termination, a Department of Defense investigator explored Rzucidlo's age discrimination claim and submitted a report on July 15, 2008. (Id. ¶ 27). Subsequent to the submission of the report, Rzucidlo requested a hearing before the EEOC. (Id. ¶ 29). Tobyhanna filed a motion for summary

---

[3] The law provides that a "mixed case complaint is a complaint of employment discrimination filed with a federal agency based on . . . age . . . that can be appealed to the Merit Systems Protection Board ("MSPB"). The complaint may contain only an allegation of employment discrimination or it may contain additional allegations that the MSPB has jurisdiction to address." 29 CFR § 1614.302; see also Slingland v. Donahoe, — F. App'x —, 2013 WL 4843837, at *2 n.4 (3d Cir. 2013) (defining a "mixed case" as "an adverse personnel action subject to appeal to the MSPB coupled with a claim that the action was motivated by discrimination") (quoting Butler v. West, 164 F. 2d 634, 638 (D.C. Cir. 1999)).

5

judgment on Rzucidlo's age discrimination claim, which the EEOC granted on November 2, 2011. (Id. 30).

In response to the EEOC's denial of his age discrimination claim, Rzucidlo filed a four-count complaint in this court. The complaint asserts the following causes of action: Count One, violation of the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C.A. § 621 *et seq.*; Count Two, deprivation of due process in contravention of the Fourteenth Amendment; Count Three, deprivation of equal protection in violation of the Fourteenth Amendment; Count Four, age discrimination in contravention of the Pennsylvania Human Relations Act, 43 PA. CON. STAT. ANN. § 951 *et seq.*

On July 25, 2012, the court approved the parties' stipulated dismissal of Counts Two, Three and Four. (Doc. 14). Therefore, the only pending claim against the defendant is Count One, violation of the ADEA. On May 10, 2013, defendant moved for summary judgment. The parties then briefed the issue bringing the case to its present posture.

**JURISDICTION**

As plaintiff brings suit pursuant to the ADEA, 29 U.S.C. § 621 *et seq.*, we have federal question jurisdiction. See 28 U.S.C. § 1331 ("The

district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**LEGAL STANDARD**

Granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248. A fact is material if it might

affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**DISCUSSION**

Defendant moves for summary judgment contending Rzucidlo failed to exhaust his administrative remedies prior to commencing the instant action. Rzucidlo argues that the court should address the merits of his age discrimination claim because he fully exhausted his administrative remedies. The court will first address the issue of administrative remedies, and then if necessary, the court will address Rzucidlo's age discrimination claim.

## A. Administrative remedies

The ADEA requires a plaintiff to exhaust all available remedies prior to filing suit in federal court.[4]  Purtill v. Harris, 658 F. 2d 134, 138-39 (3d Cir. 1981).  A federal employee exhausts his administrative remedies in one of two ways.  First, a plaintiff may file a "mixed case complaint" with his EEO office.  See 29 C.F.R. § 1614.302(a)(1).  If the employee elects to file a mixed case complaint with his EEO office, he has thirty (30) days following the receipt of its final decision to file either an appeal with the Merit Systems Protection Board (hereinafter the "Board") or a civil action in district court, but he cannot do both simultaneously.  See 29 C.F.R. §§ 1614.302(d)(1), 1614.302(d)(3), 1614.310(g).

Second, a plaintiff may file a "mixed case appeal" directly to the Board.  See 29 C.F.R. § 1614.302(a)(2).  If the employee files a mixed case appeal with the Board, he may not file a discrimination action in the district court until after the Board has rendered its final decision.  See 5 C.F.R. § 1201.157 (requiring the Board to notify appellant of his right to

---

[4] The law provides that a plaintiff may bypass the ADEA's administrative exhaustion requirement by filing a notice of intent sue directly with the EEOC within 180 days of the alleged discriminatory act.  29 U.S.C. § 633a(d); 29 C.F.R. 1614.201(a).  Rzucidlo, however, does not argue that he bypassed this requirement.  Rather, he contends that he fully exhausted his administrative remedies.

file a civil action when it renders its final decision); 29 C.F.R. 1614.310(b) (authorizing appellant to file a civil action within thirty days of her receipt of the Board's final decision). The court will assess, *in seriatim*, whether Rzucidlo exhausted his administrative remedies.

1. **EEO Complaint**

The undisputed facts establish that Rzucidlo failed to file a formal complaint of discrimination with his EEO office. On April 3, 2005, Rzucidlo sent an email to the EEO office stating that Tobyhanna discriminated against him. (SOF ¶ 7). The EEO office manager mailed discrimination complaint intake forms to Rzucidlo, which he received and signed for on April 12, 2005. (Id. ¶ 8). Rzucidlo failed to complete and return the discrimination intake forms. Because Rzucidlo failed to respond, the EEO office manager mailed a second set of discrimination intake forms to him three weeks later. (Id. ¶ 9). The EEO office manager informed Rzucidlo that he was required to file a formal age discrimination complaint within fifteen (15) days or risk having his complaint dismissed as untimely. (Id. ¶ 10). Rzucidlo, however, failed to ever file a formal complaint of age discrimination with Tobyhanna's EEO office. (Id. ¶ 11).

Confronted with these facts, Rzucidlo generally denies that he

failed to file a formal complaint of age discrimination with his EEO office. (See Doc. 29, Pl.'s Resp. to SOF (hereinafter "Pl.'s Resp. to SOF") ¶ 11). Rzucidlo's conclusory denial, however, is insufficient to manufacture an issue of material fact because the non-moving party must go beyond its pleadings and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories demonstrating that there is a genuine issue for trial. Celotex, 477 U.S. 317 at 324; Fireman's Ins. Co. of Newark, N.J. v. DuFrense, 676 F.2d 965, 969 (3d Cir. 1982). Thus, the court rejects Rzucidlo's conclusory denial and finds that he failed to file a formal complaint of age discrimination with his EEO office.

**2. Rzucidlo's Appeal to the Board**

Rzucidlo next contends that he fully exhausted his administrative remedies by filing a "mixed case appeal" with the Board. Defendant argues that Rzucidlo failed to file a mixed case appeal, or in the alternative, that Rzucidlo's appeal to the Board was untimely. The court addresses each argument in turn.

**a. Mixed Case appeal**

Defendant first argues that Rzucidlo failed to file a mixed case appeal with the Board. A mixed case appeal "is an appeal filed with the

11

Board that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of . . . age . . . ." 29 C.F.R. § 1614.302. Here, Rzucidlo initiated a whistleblower complaint with the Office of Special Counsel ("OSC"). In his whistleblower complaint, Rzucidlo alleged retaliation for a myriad of discriminatory actions, **none of which related to his age**. Only after the OSC reviewed Rzucidlo's allegations and determined that they lacked merit, did Rzucidlo appeal the denial of his whistleblower complaint and insert, **for the first time**, a claim for age discrimination. Therefore, Rzucidlo was precluded from filing a mixed case appeal because the appealable agency action–the denial of his whistleblower claims–failed to contain allegations of age discrimination.

### b. Rzucidlo's Untimely appeal to the Board

Defendant next contends that Rzucidlo's appeal to the Board was untimely. The law provides that direct appeals of adverse employment actions must be appealed to the Board within thirty (30) days of the effective date of the adverse personnel action. 5 C.F.R. § 1201.22(b)(1). Here, Rzucidlo was terminated on February 23, 2005. (SOF ¶ 5). Rzucidlo filed his appeal 158 days later on July 31, 2005. (SOF ¶ 16). As

such, Rzucidlo's appeal was untimely because it was filed beyond the thirty (30) day limit.

Rzucidlo contends that the court should overlook his procedural missteps because he was acting pro se. Rzucidlo cites no authority, and our research has uncovered none, to support his proposition. Indeed, cases point to the opposite conclusion. See Hedges v. United States, 404 F.3d 744, 752-53 (3d Cir. 2005) (finding that pro se status does not excuse compliance with rules and procedures absent being affirmatively misled by an agency); Oshiver v. Levin, 38 F.3d 1380, 1389 (3d Cir. 1994) (holding that "where a defendant actively misleads the plaintiff regarding the reason for the plaintiff's dismissal, the statute of limitations will not begin to run, that is, will be tolled, until the facts which would support the plaintiff's cause of action are apparent, or should be apparent to a person with a reasonably prudent regard for his or her rights.").

In the instant case, the defendant did not mislead Rzucidlo regarding the reasons for his dismissal. (See SOF ¶¶ 3-5; Pl.'s Resp. to SOF ¶¶ 3-5). Moreover, Rzucidlo's complex whistleblower complaint and subsequent appeal demonstrate he is an intelligent pro se litigant. (See Doc. 25-1, OSC letter dated May 31, 2005 at 14-15; Doc. 25-1, OSC

appeal dated July 31, 2005 at 17-22). Finally, Rzucidlo's declaration fails to contain any contention that he was confused or misled about how to pursue his administrative remedies.

In sum, Rzucidlo failed to exhaust his administrative remedies. Rzucidlo failed to file a timely formal complaint of discrimination with his EEO office. Additionally, Rzucidlo failed to file a mixed case appeal with the Board. Moreover, Rzucidlo's appeal to the Board was untimely because it was filed more than thirty (30) days after his termination. As such, viewing the facts in the light most favorable to Rzudiclo, the court finds that the defendant is entitled to judgment as a matter of law on Rzucidlo's age discrimination claim.

## B. Merits review

While the court previously found that defendant is entitled to summary judgment on Rzucidlo's age discrimination claim, the court will briefly discuss the substantive merits of his age discrimination claim.[5]

---

[5] The court notes that Rzucidlo brings his age discrimination claim pursuant to 29 U.S.C. § 623, which is the ADEA's anti-discrimination provision applicable to **private sector employees**. (Doc. 1, Compl. ¶ 67). Congress, however, has mandated that any personnel action taken by the United States "shall not be subject to, or affected by, any provision" of the ADEA other than 29 U.S.C. §§ 633a or 631(b). 29 U.S.C. § 633a(f). Therefore, Rzucidlo may only assert a discrimination claim under the ADEA by establishing that the discriminatory acts are proscribed by 29

14

Where, as here, the complaining party relies upon circumstantial evidence to support an age discrimination claim, the Third Circuit Court of Appeals has approved the use of the familiar burden shifting framework announced in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973). <u>Smith v. City of Allentown</u>, 589 F.3d 684, 691 (3d Cir. 2009). First, a plaintiff seeking recovery pursuant to the ADEA must establish a prima facie case of discrimination by demonstrating that (1) he is within the protected age class, i.e. over forty; (2) that he was qualified for the position at issue; (3) he was dismissed despite being qualified; and (4) he was replaced by a person sufficiently younger to permit an inference of age discrimination. <u>Id.</u> at 689-90 (citation omitted).

Once the plaintiff establishes this prima facie case, "the burden of production shifts to the employer to identify a legitimate non-discriminatory reason for the adverse employment action. If the employer does so, the burden of production returns to the plaintiff to demonstrate that the employer's proffered rationale was pretext for age discrimination." <u>Id.</u>

---

U.S.C. § 633a(a). This provision provides that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from discrimination based on age." <u>Gomes-Perez v. Potter</u>, 533 U.S. 474, 479 (2008) (quoting 29 U.S.C. § 633a).

15

Assuming Rzucidlo possessed sufficient evidence to establish a prima facie case, the burden of production would shift to the defendant to articulate a legitimate reason for his termination. Here, the defendant states that Rzucidlo was terminated for conduct unbecoming a federal employee and misuse of government property/resources. (SOF ¶ 5). Specifically, while on official duty time at Tobyhanna, Rzucidlo offered a female coworker gifts including four (4) coupons to a woman's lingerie store, a ring, food and $100. (Rzucidlo Decl. ¶ 20; Doc. 25-1, EEOC decision dated Nov. 16, 2011 at 90). Rzucidlo's supervisors counseled him, verbally and in writing, to refrain from any and all contact with his female coworker. (SOF ¶ 3; Rzucidlo Decl. ¶ 21). Less than two months later, however, Rzucidlo sent an email message from his Tobyhanna computer to his female coworker. (SOF ¶ 4; Rzucidlo Decl. ¶ 12). Tobyhanna argues that as a result of this contact, Rzucidlo was terminated on February 23, 2005.

Having established a legitimate reason for Rzucidlo's termination, the burden of production would shift back to Rzucidlo to produce sufficient evidence to establish that the defendant's reasons for his termination was a pretext for age-based discrimination. To make a showing of pretext,

16

Rzucidlo must "point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Fuentes, 32 F.3d at 764. The plaintiff "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." Id. at 765 (citation omitted) (internal quotation marks omitted). In so doing, he must "do more than show that [the defendant] was wrong or mistaken in deciding to lay him off. He must present evidence contradicting the core facts put forward by the employer as the legitimate reason for its decision." Tomasso v. Boeing Co., 445 F.3d 702, 706 (3d Cir.2006) (internal citation omitted) (internal quotation marks omitted).

In the present case, Rzucidlo's sole pretextual argument states "[i]t is the plaintiff's position that he was not a probationary employee and as such he was entitled to a protocol or a form of progressive discipline short of outright termination." (Doc. 27, Pl.'s Br. in Opp'n to Defs.' Mot. for

Summ. J. at 11-12). Rzucidlo, however, has failed to produce any evidence that Tobyhanna had a mandatory progressive discipline policy or that the defendant deviated from any such policy. Absent such evidence, Rzucidlo's contention that he should have been disciplined instead of terminated cannot stand. See Smith, 589 F.3d at 692 n.5 (finding that plaintiff's assertion that defendant had a progressive disciplinary policy and that defendant deviated from that policy cannot stand absent the text of the policy or description of the disciplinary framework the policy allegedly imposes).

Simply put, Rzucidlo has failed to produce evidence that contradicts the core facts put forward by the defendant as the legitimate reason for his decision. Tomasso, 445 F.3d at 706. Accordingly, even if the court were to overlook Rzucidlo's failure to exhaust his administrative remedies, viewing the facts in the light most favorable to Rzucidlo, the court would nevertheless find that the defendant is entitled to judgment as a matter of law on Rzudiclo's ADEA claims.

**CONCLUSION**

For the reasons stated above, defendant's motion for summary judgment will be granted. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY J. RZUCIDLO, | : | No. 3:12cv380 |
| Plaintiff | : | |
| v. | : | (Judge Munley) |
| | : | |
| JOHN M. McHUGH, SECRETARY | : | |
| OF THE ARMY, DEPARTMENT OF | : | |
| THE ARMY, UNITED STATES | : | |
| OF AMERICA, | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 25th day of September 2013, defendant's motion for summary judgment (Doc. 37) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of the defendant and to close this case.

                                           **BY THE COURT:**

                                           **s/ James M. Munley**
                                           **JUDGE JAMES M. MUNLEY**
                                           **United States District Court**